[Civ. No. 2485. Second Appellate District.—February 27, 1918.]

R. P. BENTON, Plaintiff and Appellant, v. JOHN N. HUNT, as County Treasurer, etc., Defendant and Appellant; DAVID B. LYONS, Intervener and Respondent.

PUBLIC OFFICERS — CONTEST — INCUMBENCY — ABSENCE FROM STATE— VACANCY.—Under subdivision 6 of section 996 of the Political Code declaring that an office becomes vacant in the case of the absence of the incumbent from the state beyond the period allowed by law, without permission of the legislature, the person appointed to and who qualified for the office is not the incumbent thereof pending the determination of an appeal taken by him from an adverse judgment in a contest of the right thereto, although such appeal was decided in his favor, since the adverse party who was let into possession of the office was the incumbent thereof, both under such section and under section 936 of such code providing for compensation during contests.

ID.—OBJECT OF STATUTE.—The object of the statute which vacates an office because of the incumbent's absence from the state without the consent required and beyond the period provided by law, is that the duties of the office shall be performed by the incumbent and shall not be neglected by reason of his unlawful absence.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

A. J. Hill, County Counsel, and Robert B. Murphey, Deputy County Counsel, for Appellant Hunt.

George L. Greer, for Appellant Benton.

J. Wiseman Macdonald, and John Beardsley, for Respondent Lyons.

CONREY, P. J.—This action was commenced by R. P. Benton, a resident citizen and taxpayer of the county of Los Angeles, to enjoin the defendant, county treasurer, from paying a certain warrant issued to David B. Lyons purporting to be drawn on account of salary due to Lyons as county registrar of voters for a portion of the month of May, 1917. Lyons intervened in this action and asked for a peremptory

writ of mandate requiring Hunt to pay the amount called for
by the warrant. The plaintiff and the defendant have ap-
pealed from the judgment, which was in favor of the inter-
vener. The appeals present substantially one and the same
question of law, and the facts are admitted to be those set
forth in the findings of fact made by the court below.

On August 10, 1915, intervener was duly appointed regis-
trar of voters of Los Angeles County, and on August 11, 1915,
he duly qualified by taking his oath of office according to law.
For some time prior thereto and until that time, one Thomas
McAleer was the registrar of voters of said county. After
qualifying, as above stated, intervener demanded possession
of the office from McAleer, which demand was refused.
Thereupon proceedings in *quo warranto* were commenced
against McAleer by the people on the relation of Lyons to
oust McAleer from the office. On January 20, 1916, by judg-
ment of the superior court, it was determined that Lyons was
not entitled to said office and that McAleer was entitled
thereto. An appeal was taken to this court from that judg-
ment. On March 1, 1917, the judgment was reversed, and on
March 31, 1917, the judgment of this court became final.
(*People* v. *McAleer,* 33 Cal. App. 135, [164 Pac. 425].)
Thereafter, on May 3, 1917, judgment was entered in the
superior court in favor of Lyons who, on the following day,
was let into possession of the office and he held the same and
performed the duties thereof during the month of May, 1917,
and thereafter.. From May 21, 1916, to March. 21, 1917,
Lyons absented himself from the state of California without
obtaining the consent of the board of supervisors of the
county of Los Angeles or of the legislature of the state of
California, and his absence was not upon business of his office
nor upon business for the state of California nor for the
county of Los Angeles. It is contended by appellants that
by reason of such absence of Lyons from the state, being for
a period of more than sixty days, the office became vacant,
and that therefore he is not entitled to said warrant and is
not entitled to payment thereof.

Section 996 of the Political Code declares that an office
becomes vacant on the happening of either one of certain
stated events; one of which is the absence of the incumbent
from the state without permission of the legislature beyond
the period allowed by law. Section 4313 of that code reads

as follows: "A county or township officer shall in no case absent himself from the state for a period of more than sixty days in any one year, and for no period without the consent of the board of supervisors of the county, except when on business for the state; provided, that in case of illness or urgent necessity, the board of supervisors may, on a proper showing of such illness or urgent necessity, extend the time herein limited, for the absence of any such officer, not to exceed six months." Section 936 of the same code reads as follows: "When the title of the incumbent of any office in this state is contested by proceedings instituted in any court for that purpose, no warrant can thereafter be drawn or paid for any part of his salary until such proceedings have been finally determined; provided, however, that this section shall not be construed to apply to any party to a contest or proceeding now pending or hereafter instituted, who holds the certificate of election or commission of office and discharges the duties of the office; but such party shall receive the salary of such office, the same as if no such contest or proceeding was pending."

In construing some of the subdivisions of section 996 it has been held that the incumbent of the office, within the meaning of those subdivisions, is not necessarily a person who has actually entered into possession of the office. Illustrations are found in cases where one elected to the office died before the beginning of the term for which he was elected; or where he neglected to file his official oath or bond within the time prescribed by law. There are other cases where vacancy of the office has been declared and enforced on account of the absence of the office-holder from the state without legal permission, beyond the period allowed by law. The latter, however, are only instances in which the absentee was both the *de jure* and the actual incumbent of the office. The precise question presented in the present action is without precedent in any case of which we are aware.

As was said by the supreme court in *Bannerman* v. *Boyle,* 160 Cal. 197, [116 Pac. 732]: "In construing an ambiguous statute, the evil to be cured and the object to be accomplished are proper matters for consideration and often point clearly to the true meaning and application of the act." Manifestly the object of the statute which vacates an office because of the incumbent's absence from the state without the consent re-

quired and beyond the period provided by law, is that the duties of the office shall be performed by the incumbent and shall not be neglected by reason of his unlawful absence. The proviso set forth in section 936 was added thereto by amendment in the year 1891. Prior thereto an incumbent of the office was not entitled to the payment of any part of his salary during the pendency of proceedings of contest directed against his title to the office. Apparently being of the opinion that the public interest would be better protected by a different rule, the legislature then made the amendment under which any party to a contest of such office "who holds the certificate of election or commission of office and discharges the duties of the office," is not prohibited from receiving the salary thereof during the pendency of the contest proceedings. While the *quo warranto* proceedings against McAleer were pending, he was the party entitled to the salary because he came within the description stated in section 936, and he was "the incumbent" of the office within the meaning of that section.

To arrive at the true meaning of subdivision 6 of section 996, as applied to the facts of this case, it must be read together with section 936. Notwithstanding the final determination that McAleer was not entitled to the office, he remained in a qualified sense the incumbent thereof under section 936, and was so far recognized as the occupant of the office that he was lawfully permitted to collect the salary thereof so long as he discharged the duties of the office, but not beyond the period of pendency of that litigation.

The superior court had determined that Lyons was not entitled to the office, but he was prosecuting his appeal from that judgment and did not at any time abandon his claim to the office. As found by the court below, intervener during his absence kept in constant communication with his attorneys and held himself in readiness to return to Los Angeles whenever he should be notified of a decision of the appeal or that his presence in Los Angeles was necessary; and he would not have left the state of California had not the superior court decided that he had no title to the office of registrar of voters. He actually did return to Los Angeles County before any judgment in the *quo warranto* proceedings was entered in his favor in the superior court, and before the final determination of his appeal. It is our opinion that the

absence of Lyons from the state of California for the time and under the circumstances shown in this case was not the absence of an incumbent within the meaning of the law, and did not cause the office to become vacant.

The judgment is affirmed.

James, J., and Works, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court April 25, 1918.